UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES AND SUSAN KONDRAT, individually and on behalf of others similarly situated, | ) ) ) ) | No. 08 CV 3244 |
| Plaintiffs, | ) ) | Judge John W. Darrah |
| v. | ) ) | |
| LIFELOCK, INC. | ) ) ) | Magistrate Judge Cole |
| Defendant. | ) | JURY TRIAL DEMANDED |

**MOTION OF LIFELOCK, INC. PURSUANT TO JOINT STIPULATION TO STAY LITIGATION PENDING RESOLUTION OF LIFELOCK'S MOTION TO TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

LifeLock, Inc. ("LifeLock") hereby moves this Court pursuant to a joint stipulation of the parties to stay this litigation pending resolution of the Application of LifeLock filed on June 13, 2008 before the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer and consolidation pursuant to 28 U.S.C. § 1407 ( the "MDL Motion").  In support of its motion, Lifelock states as follows:

1.   LifeLock is a proactive identity theft protection agency.  LifeLock began operations in 2005 and maintains its principle place of business in Tempe, Arizona.  LifeLock provides identity theft protection services to its members.  LifeLock's services are governed by a Terms and Conditions Agreement that is presented to its members at the time they sign up for LifeLock's services.  In exchange for LifeLock's services, members pay LifeLock a flat monthly fee of approximately ten dollars.

2.   On June 5, 2008, Plaintiffs James and Susan Kondrat, LifeLock members, filed this class action complaint against LifeLock on behalf of themselves and other similarly situated

LifeLock members. LifeLock executed a Waiver of Service of Summons on June 24, 2008. In their complaint, Plaintiffs allege that LifeLock uses false, misleading and fraudulent misstatements, and material omissions in its advertisements regarding its ability to protect consumers from identity theft. Plaintiffs also allege that LifeLock has misled consumers as to the nature and scope of the coverage provided under its services.

  3. On June 13, 2008, LifeLock filed the MDL Motion with the JPML seeking an MDL in the District of Arizona. The MDL Motion was filed, in part, because of the filing of nine nationwide class actions which contained substantially identical allegations and significant commonality of legal issues. The MDL Motion will be considered by the JPML during one of its next scheduled meetings. To date, no class action Plaintiff has opposed Lifelock's MDL Motion, and two Plaintiffs have filed response papers supporting the MDL Motion.

  4. The parties in the present action have executed a Stipulation (attached as Exhibit A to this Motion) seeking a stay of these proceedings to permit the JPML an opportunity to consider and rule on the MDL Motion. The key scheduling provisions of this Stipulation are as follows:

  a. Defendant's time within which to serve an answer, move or otherwise respond to the Complaint shall be and hereby is stayed and extended until after the MDL Motion is decided:

  b. If the MDL Motion is granted, defendant's time within which to answer, move or otherwise respond to the Complaint shall be and hereby is extended until such time as the Court orders in the MDL Consolidated Action;

  c. If the MDL Motion is denied, defendant's time within which to answer, move or otherwise respond to the Complaint shall be extended until thirty (30) days after the MDL Motion is denied.

    d.  This action is otherwise stayed in its entirety until the ruling on the MDL Motion. The parties shall notify this Court of that ruling within five days thereof.  (*See* Stipulation at 2.)

5.    Staying this case pending a decision by the JPML is critical to avoid inconsistent rulings on discovery issues.  No court has yet entered any rulings or orders pursuant to Fed.R.Civ.P. 26(f) and the parties seek to insure that all such rulings are consistent and provide the parties a fair platform for uniform discovery in all the LifeLock class actions, without need for duplication of discovery or needless expenditure of the parties judicial resources.

6.    "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Radio Corp. of America v. Igoe,* 217 F.2d 218, 220 (7th Cir. 1954).  "'Benefit and hardship will be set off, the one against the other, and upon an ascertainment of the balance discretionary judgment will be exercised anew.'"  *Id.*; quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 259 (1936).

7.    A district court may grant a motion to stay while an MDL application is pending as long as the harm to the non-moving party does not outweigh the resulting conservation of judicial resources and avoidance of potential hardship on the moving party.  *See, e.g., Life Investors Ins. Co. of Am.,* 2008 WL 2222325, at *1–2 (W.D. Pa. May 29, 2008) (granting stay because "there [would] not be a great disparity in the balance of harm to the parties," and promoting judicial economy "weighs heavily in favor of granting a stay."); *Weinke v. Microsoft,* 84 F.Supp.2d 989, 990 (E.D. Wis. 2000) (Court granted motion to stay to avoid "litigating identical claims in a multitude of venues," ").  Indeed, this Court has previously stayed the proceedings in a case where an motion to transfer a mater before it to an existing MDL was pending for judicial efficiency reasons.  "[T]he interests of judicial economy will be best served

by staying the proceedings until its likely transfer to the MDL." *Kavalir v. Medtronic,* 2007 WL 1225358, at *3 (N.D. Ill. Apr. 19, 2007).

8. Given the pending MDL Motion, judicial economy is best served by entering a stay until after the JPML has ruled upon the MDL Motion.

WHEREFORE, for the forgoing reasons and for those which may be presented at hearing on this Motion, Lifelock respectfully request that this honorable Court grant the Motion to Stay and enter an order staying these proceeding until after the entry of an order by the Judicial Panel on Multidistrict Litigation ruling on LifeLock's Motion for transfer and consolidation pursuant to 28 U.S.C. § 1407.

GREENBERG TRAURIG, LLP
*Attorneys for Defendant LifeLock, Inc.*

/s/ José A. Isasi, II
José A. Isasi, II
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601
(312) 456-8400

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES AND SUSAN KONDRAT, individually and on behalf of others similarly situated, | ) ) ) ) | No. 08 CV 3244 |
| Plaintiffs, | ) ) | Judge John W. Darrah |
| v. | ) ) | |
| | ) | Magistrate Judge Cole |
| LIFELOCK, INC. | ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### STIPULATION AND ORDER STAYING CASE
### PENDING DETERMINATION OF MDL MOTION

WHEREAS, this action was filed on or about June 5, 2008;

WHEREAS, the Defendant LifeLock executed a Waiver of Service of Summons on June 24, 2008;

WHEREAS, on or about June 13, 2008, Defendant LifeLock, Inc., and Richard Todd Davis filed a Motion for Transfer and Consolidation, Pursuant to 28 U.S.C. §1407, with the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), styled *In re: LifeLock, Inc. Marketing and Sales Practices Litigation*, MDL No. 1977 (the "MDL Motion");

WHEREAS, this action is, in addition to other actions, the subject of the MDL Motion and the parties have stipulated to stay other related cases pending the MDL Motion;

WHEREAS, the parties have agreed that, subject to the Court approval that, in the interests of judicial economy and the preservation of the parties' resources, this action should be stayed until the MDL Motion has been decided;

Accordingly, the parties stipulate, subject to Court approval, as follows:

**EXHIBIT A**

1. Defendant's time within which to serve an answer, move or otherwise respond to the Complaint shall be and hereby is stayed and extended until after the MDL Motion is decided:

2. If the MDL Motion is granted, defendant's time within which to answer, move or otherwise respond to the Complaint shall be and hereby is extended until such time as the Court orders in the MDL Consolidated Action;

3. If the MDL Motion is denied, defendant's time within which to answer, move or otherwise respond to the Complaint shall be extended until thirty (30) days after the MDL Motion is denied.

4. This action is otherwise stayed in its entirety until the ruling on the MDL Motion. The parties shall notify this Court of that ruling within five days thereof.

5. Plaintiff does not waive any rights to challenge the jurisdiction of the MDL or to oppose the MDL Motion. Plaintiff does not waive any other rights and/or objections he may have with respect to the MDL Motion, proceedings, procedures and/or applications.

_____
Judge John W. Darrah

THE FOREGOING IS HEREBY STIPULATED AND AGREED TO, as of August 12, 2008:

FOR DEFENDANTS:                                FOR PLAINTIFFS:

GREENBERG TRAURIG, LLP                         FREED & WEISS, LLC
*Attorneys for Defendant LifeLock, Inc.*       *Attorneys for Plaintiffs*


By:  /s José A. Isasi, II                      By:  /s/ Paul M. Weiss
     José A. Isasi, II                              Paul M. Weiss
     Greenberg Traurig, LLP                        FREED & WEISS LLC
     77 West Wacker Drive                          111 West Washington Street
     Suite 2500                                    Suite 1331
     Chicago, IL 60601                             Chicago, Illinois 60602
     (312) 456-8400                                (312) 220-0000